which is Thompson versus National Railroad Passenger Corporation. Good afternoon, Judge Reimer, Judge O'Scanlan, Judge Leiper. My name is Ron Gomes. I'm appearing for Mr. Thompson, the appellant in this case. Mr. Thompson is respectfully asking this court to vacate the district court's order dismissing his petition for review and to hold that Mr. Thompson's amended complaint be related back to the filing of his original petition for review prior to the expiration of the statute of limitations. Well, that's the heart of the question that's before us, Counsel. What is the strongest argument that there is either a relationship of agency between the SBA and Amtrak or some other basis which can permit relation back? The strongest argument is the, using the case of Pan Ocean, the identity of interest between Amtrak and the Special Board of Adjustment. We're not talking about a thin thread of identity. We're talking about an intertwined cable that's firmly rooted in law and in practice. In law, the Section 40- The SBA is not part of Amtrak. It is not part of Amtrak, but Amtrak is a part of the Special Board of Adjustment. It has one representative on the board. It's a three-person board. Right. It's a three-member board. And the 45 U.S.C. Section 153 requires that a representative from the carrier, Amtrak, and a representative from the union be on the board, and they agree on- In any given hearing, so Amtrak has no permanent presence on the board? No permanent presence- That's for each adjudication that the board has to- Correct. The railroad's entitled to a representative and the union's entitled to a representative. Correct. So it was only for purposes of this case and not any permanent presence on the board. Well, in the presence of Special Board Number 928, which is the one that adjudicated Mr. Thompson, Amtrak chose their-not just a representative, but an employee, and not just an employee, a high-level employee, their director of labor relations, to sit on the board. But he's not around when the complaint comes in to the SBA, is he? He may or may not be. I'm not talking about that. Because he has no reason to be around at the SBA to be looking for complaints, which would then be imputed to Amtrak. Correct. However, the other part of the argument in the law is that the Code of Federal Regulations requires that Amtrak maintain the records of the SBA so that when a complaint comes in, again, according to 45 U.S.C. Section 153, as soon as Mr.-I'm quoting from Section 1stQ- as soon as the complaint comes into the district court, a copy of the petition shall forthwith be transmitted by the clerk of the court to the adjustment board. The adjustment board shall file in the court a record of the proceedings on which it has based its action. So as soon as Mr. Thompson filed his petition, the court was under law, should have contacted the board, and because the Amtrak maintains the records for the special board of adjustment, the board would have had to have contacted Amtrak to receive those record of proceedings and to have Amtrak transmit a copy to the district court. You mean that the district court would have sent the records over to the SBA, which under law you say that Amtrak has to maintain the records in this proceeding or in all proceedings? All proceedings. In all special board of adjustment proceedings, Amtrak must maintain the records of the hearing. That is under CFR- Even when Amtrak is not a party? When Amtrak is a party, they must maintain that. That's under 29 CFR section 1207.4. The records of the proceedings must be stored with Amtrak pursuant to that regulation. That has relevance only to the extent that you're saying when those records were transmitted, it must have been with the agency knowledge, right? Right. Not just anything to do with an agency relationship. Not with the agency. No. I'm saying the business practices and the way the law is set up, the way the special board of adjustment is set up, the special board is not, in fact, some separate agency that sits independent from Amtrak. It is an intricate part of Amtrak in that Amtrak has a representative, a high-level representative on that board. Do you want to say anything about the lack of discovery? This case has been up on appeal before. This court has ordered that the original order to dismiss Mr. Thompson's case be vacated and instructed the district court to hold a hearing to determine whether Amtrak had actual notice of the case. This was based upon a letter from the National Mediation Board saying that they had gotten the records from Amtrak and transmitted it to the district court. Judge Lasnick did not follow the order of the Ninth Circuit. He restricted the briefing on the remand to specifically whether the letter on its face evidenced that Amtrak had actual notice. Judge Lasnick refused to order any discovery as far as any. . . I'm not positive. I was not a part of the proceeding below. And at least, I don't think so. And so if no request for discovery was made, why would the district court have erred by not volunteering it? Well, in the early part of the case, there had been discovery requested by Mr. Thompson, and Mr. Thompson had sent interrogatory requests for production to Amtrak. Amtrak had requested a 60-day extension, but instead of producing discovery, they produced a motion to dismiss. And Mr. Thompson had filed in the docket, there is evidence, Mr. Thompson filed motions to compel discovery which were never granted, which were never ruled on. Do you want to reserve the rest of your time? Yes, Your Honor. We'll hear from Amtrak. Ms. Counsel. Good afternoon, Your Honors. I am Brenda Counsel, and I appear today representing Amtrak. Your Honor, the district court's dismissal of Mr. Thompson's claim should be affirmed because the lower court did not commit any error in reaching the conclusion that his claim was barred by the statute of limitations. I have kind of an off-the-wall question. Do we have jurisdiction in this case? Well, Your Honors, we submitted initially that the court, the district court had no jurisdiction because the decisions of the court. Was it raised at the district court? Yes, sir, it was. But the question wasn't addressed because the dismissal was based on the bar of the statute of limitations. We argued in our original brief to the case that the court lacked subject matter jurisdiction because the decisions of arbitration awards of SBAs are final, binding and conclusive on the parties. And with the exception of the statutory bases for review, the courts have no jurisdiction. And we submitted that Mr. Thompson failed to present any evidence showing any statutory or, for that matter, constitutional grounds for the court exercising any review. If you want to speak a little closer to the mic. Yes. Thank you. We believe that Mr. Thompson's amended complaint in the district court correctly found did not relate back under Rule 15 because Amtrak did not have any knowledge, either actual or constructive, of the filing of Mr. Thompson's original complaint within the period specified in Rule 4M. Contrary to Mr. Thompson's argument in his brief, the National Mediation Board's knowledge of the because there is no identity of interest between Amtrak and the National Mediation Board, as the National Mediation Board is an independent agency under the executive branch. Now, you said no actual notice, but we heard from Mr. Gomes that there was, you know, this paper went somewhere and it ended up in Amtrak's files? Well, with regard to the record of the proceedings, Your Honor, under the statute, Amtrak is required if they're a participant in a special board of adjustment or a public law board or, for that matter, before the National Railroad Adjustment Board, they keep a record of the proceedings. And the record of the proceedings is nothing more than the actual award and the party's submissions to the neutral member of the board. Amtrak retains those records in the natural course of their business. What Mr. Gomes argued was that the fact that the National Mediation Board ultimately submitted that record to the court establishes that Amtrak had knowledge prior to the running of the period specified in Rule 4M. There was no evidence presented by Mr. Thompson establishing that Amtrak had knowledge of the original complaint. The only thing that was submitted was the letter from Amtrak, excuse me, from the National Mediation Board, acknowledging that they had submitted the record. The record shows that those records were submitted on April 5th, which was more than six months after the running of the period specified in Rule 4M. And, in fact, if the court looks at the record in the lower court, the original complaint was filed on October 7th. It was not served on the National Mediation Board or the United States Attorney until the end of January. The period in Rule 4M would have expired on February 7th. The United States Attorney filed a motion to dismiss on March 16th. And shortly after filing the motion to dismiss is when the National Mediation Board served the notice of the records. So just looking at the record alone, it fails to show that Amtrak would have received any knowledge of these proceedings until after it was served with Mr. Thompson's amended complaint, which was in August of 2000. What about the Mr. Gomes says is the outstanding discovery request? Presumably they went to Amtrak and I guess might have shown that somebody at Amtrak, in fact, knew about the lawsuit. Your Honor, there was no outstanding discovery request. Pardon? Not left over? No, Your Honor. What occurred in the lower court initially was that Mr. Thompson raised some questions about wanting to conduct discovery. And before the court ruled on his request to conduct discovery, the court ruled on Amtrak's motion to dismiss for failure to state a claim to jurisdiction. So the court ruled on the motion to dismiss before ruling on Mr. Thompson's motion to compel some discovery. But contrary to Mr. Gomes' suggestion, Amtrak was never served with interrogatories or with any requests to produce. Any further? And, Your Honors, again, we submit and the record would show that even if there were arguably an identity of interest between the Special Board of Amtrak and the National Mediation Board, which there clearly is not, the record shows that no member of this board received any notice of the original complaint. The neutral member was not served while National Mediation Board was. There's no identity of interest between Amtrak and the National Mediation Board. Neither the union or Amtrak's member of the board were served with the original complaint. Amtrak's first knowledge of the actual knowledge of Mr. Thompson's action was when he filed his amended complaint. And, again, assuming for the sake of this argument only that the National Mediation Board advised Amtrak of Mr. Thompson's complaint, there's no evidence in the record that Mr. Amtrak received that prior to February 7th. In fact, the inferences to be drawn from the facts in the record are that any constructive notice that Amtrak received would have been after February 7th and, in fact, would have been after March 16th, 2000, which is well beyond the period specified in Rule 4M. For those reasons, Your Honor, we believe that Judge Lavnick's decision dismissing Mr. Thompson's action for failure to state a claim because of the bar of the statute of limitations should be affirmed. Additionally, we believe that there is ample evidence in the record to support a dismissal for failure to state a claim in lack of subject matter jurisdiction because Mr. Thompson failed to present any evidence that there was any statutory grounds for review of this arbitration award. That award is final and binding upon the parties and should be affirmed. Thank you. Thank you, counsel. Mr. Gomes, you have some reserved time. As far as the discovery motions, those were listed on the docket as far as number 35 on down towards the end of the year 2000. This comes into play as far as discovery that should have been ordered in the remand. The important thing to remember is the posture of this case. This is not a slip and fall case where the defendant needed to preserve evidence or had no idea a case was coming down the pike. This is a petition for review of a special board of arbitration award. Amtrak has been involved in this case from the very beginning. Amtrak litigated this case at the administrative level during the administration of Mr. Thompson. They litigated this case before the special board of adjustment in briefing and by sitting on the board. They've had notice of this litigation for a long time. The 45 U.S.C. section 153 requires Mr. Thompson to file his appeal in the form of a special board of adjustment to get the records. This was in October, well before the statute of limitations ran and well before the section 4 120 days ran also. Thank you, Your Honor. Thank you, Counsel. The case just argued will be submitted for decision and the court will adjourn. This court for this session stands adjourned. Thank you.
judges: O'scannlain, Rymer, Bybee